IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 70,079-02






EX PARTE ERIC RODGER VASQUEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 8607-B IN THE 21ST DISTRICT COURT


FROM BASTROP COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
and sentenced to ten years' imprisonment and a $5,000 fine. Appeal was affirmed. Vasquez v. State,
No.03-97-224-CR (Tex. App - Austin, delivered August 31, 1998, pet ref'd).

 Applicant contends that he is being denied credit for time spent out of custody after he was
erroneously released on the day he was convicted. Applicant has alleged facts that, if true, might
entitle to relief. Ex parte Hale, 117 S.W.3d 866 (Tex. Crim. App. 2003). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for making findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit listing Applicant's sentence begin date and whether or not Applicant has submitted a
claim to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted
or resolved. The court shall also determine whether Applicant was released from confinement after
he was convicted of this offense, the legal basis for any such release, and whether Applicant has
received credit on this sentence for any such time out of custody.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant was erroneously released from confinement,
the basis for any subsequent arrest, and the dates of any such erroneous release and subsequent arrest. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 5, 2008

Do not publish